IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ROBERT ALAN PALMER, | § | |
| | § | |
| *Plaintiff*, | § | 5-19-CV-00215-RBF |
| | § | |
| vs. | § | |
| | § | |
| COMMISSIONER OF SOCIAL | § | |
| SECURITY, | § | |
| | § | |
| *Defendant*. | § | |
| | § | |

## ORDER DIRECTING FILING OF BRIEFS

Pursuant to 28 U.S.C. §636(c) and the District Court's reassignment of this case to the undersigned following the parties' consent to trial by a U.S. Magistrate Judge, Dkt. Nos. 3, 6, & 8, this action to review the final decision of the Commissioner of Social Security is before the undersigned for a decision on the merits. Defendant has filed an answer, together with a certified copy of the transcript of the administrative proceedings, and therefore it is now **ORDERED** that the parties submit briefs in accordance with the following requirements:

1. On or before **July 1, 2019** Plaintiff shall file and serve a brief setting forth all errors Plaintiff contends entitle Plaintiff to relief. The brief shall contain the following, under the appropriate headings and in the order here indicated:

    a. *A statement of the case*. This statement should indicate briefly the course of the proceeding and its disposition at the administrative level, and it should further set forth a general statement of the facts. The statement of the facts shall include: Plaintiff's age, education, and work experience; a summary of the physical and mental impairments alleged; a brief outline of the medical evidence; and a brief summary of other evidence of record. Each statement of fact shall be followed by a reference to the page in the record containing support for the statement.

1

    b.  *A statement of the exact issues presented for review*. Separate issues should be set forth in separate numbered paragraphs. The issues before the Court may be limited to the exact issues properly raised in the parties' briefs.

    c.  *An argument*. The argument may be preceded by a summary. The argument shall be divided into sections, each section separately treating each issue, numbered to correspond with the statement of issues. The argument should set forth Plaintiff's contentions with respect to the issues presented and reasons therefor. Each contention must be supported by specific reference to the portion of the record relied upon and by citations to statutes, regulations, and cases that support Plaintiff's position. Cases from other districts and circuits should be cited only in conjunction with relevant cases from this jurisdiction, or if on-point authority from this jurisdiction does not exist. If Plaintiff has moved for remand to the Commissioner for further proceedings, the argument in support thereof must set forth good cause for such remand. Furthermore, if the remand is for the purpose of taking additional evidence, such evidence must be attached to the brief, or, if such evidence is in the form of a consultative examination sought at government expense, Plaintiff must make a proffer of the nature of the evidence anticipated to be obtained.

    d.  *A short conclusion*. The conclusion should concisely state the precise relief sought.

2.  Defendant's brief, which should respond specifically to each issue raised by Plaintiff, shall be filed **no later than forty-five (45) days after the filing of Plaintiff's brief**. Defendant's brief shall conform to the requirements set forth above for Plaintiff's brief, except that a statement of the issues and a statement of the case need not be included unless Defendant is dissatisfied with Plaintiff's respective statements.

3.  Plaintiff may serve, file, and submit a brief in reply to the brief of Defendant, **within fourteen (14) days of filing of Defendant's brief**.

Plaintiff's and Defendant's briefs are limited to twenty (20) pages in length. Plaintiff's reply brief is limited to ten (10) pages in length. These page limits are exclusive of the caption, signature block, any certificate, and accompanying documents. Parties may seek to extend these page limits by filing a motion for leave pursuant to Local Rule CV-7(b), after conferring with the opposing party regarding the need for additional pages.

The parties are notified that substantive motion practice—in accordance with Federal Rule of Civil Procedure 12(c) (motion for judgment on the pleadings) and Federal Rule of Civil Procedure Rule 56 (summary judgment)—is not appropriate in this action. While Plaintiff may seek remand as a remedy in Plaintiff's appeal brief, Plaintiff should not file a separate motion to remand or a motion for summary judgment.

Unless the Court schedules oral argument, the Court's determination will be based upon the parties' briefs and the record of proceedings before the Commissioner.

In the event Plaintiff fails to timely file a brief, the Court will enter judgment, after the above time limits have expired, on the basis of the Complaint, Answer, and the record of proceedings before the Commissioner.

This Briefing Schedule takes precedence over all other such orders that may have been filed previously.

If the parties fail to comply with this Order, the Court may in its discretion impose penalties or sanctions. Counsel should be aware that sanctions can include involuntary dismissal for failure to comply with pretrial instructions, as provided by Federal Civil Procedure Rule 41(b).

**IT IS SO ORDERED.**

SIGNED this 22nd day of May, 2019.

RICHARD B. FARRER
UNITED STATES MAGISTRATE JUDGE