IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ROBERT ALAN PALMER, | § § § | |
| *Plaintiff*, | § § | |
| vs. | § § | 5-19-CV-00215-RBF |
| KILOLO KIJAKAZI, | § § § | |
| *Defendant*. | § § § | |

**ORDER**

Before the Court is the Motion For Attorney Fees Pursuant to the Equal Access to Justice Act and Brief in Support filed by Plaintiff Robert Alan Palmer. Dkt. Nos. 20-21. Authority to enter this Order is based on the parties' consent to trial by U.S. Magistrate Judge. Dkt. Nos. 6, 8, & 10; *see* 28 U.S.C. § 636(c). For the reasons discussed below, Palmer's request for fees, Dkt. Nos. 20 & 21, is **DENIED**.

**Factual and Procedural Background**

Palmer initiated this proceeding on March 5, 2019, seeking judicial review of the final decision of the Commissioner that denied his claim for disability-insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act. *See* Dkt. No. 1. He did so seeking to proceed *in forma pauperis* ("IFP"). *See id.* He presented the following two issues for review: (1) whether the Administrative Law Judge ("ALJ") failed to support with substantial evidence the analysis of Palmer's impairments; and (2) whether, pursuant to *Lucia* v. *SEC*, --U.S.--, 138 S. Ct. 2044, 2051 (2018), Palmer's case was adjudicated by an improper and unconstitutionally appointed ALJ and so should be remanded for a new hearing with a different

1

and constitutionally appointed ALJ. *See* Dkt. No. 12 at 8 (Pl. Br.). On the second issue, the Commissioner argued only that Palmer had forfeited his Appointments Clause claim by failing to raise it before the agency during administrative proceedings.

The Court didn't reach Palmer's first issue for review or the merits of the Appointments Clause issue. Instead, on March 27, 2020, the Court concluded that the Commissioner had failed to sufficiently prove forfeiture. Accordingly, the Court vacated and remanded the matter to the Commissioner for a new hearing before a new, duly appointed ALJ. *See* Dkt. Nos. 15 (Order Vacating) & 16 (Final Judgment).

The Commissioner timely appealed the Court's decision. *See* Dkt. No. 17. In November 2020, the United States Supreme Court granted certiorari in the consolidated case styled *Carr v. Saul* to consider the forfeiture issue. The parties then jointly moved to stay the case pending the Supreme Court's decision in *Carr*. *See* Dkt. No. 18. On April 22, 2021, the Supreme Court concluded that social-security claimants aren't required to raise an Appointments Clause challenge at the agency level. *Carr*, 141 S. Ct. at 1352. On June 10, 2021, pursuant to the Commissioner's unopposed motion in light of *Carr*, the Fifth Circuit dismissed the appeal in this case. *See* Dkt. No. 19.

Palmer now seeks an award of $12,959.20 in attorneys' fees and $16.80 in mailing expenses pursuant to the Equal Access to Justice Act ("EAJA") as the "prevailing party" in the litigation. Dkt. Nos. 20-21.

**Analysis**

Because the Commissioner's position was substantially justified, Palmer's fee request under the EAJA is denied.

### A.   The EAJA Permits the Recovery of Attorney's Fees and Costs in Certain Circumstances.

In a proceeding for judicial review of an agency action, such as the instant case, the EAJA mandates the award of reasonable attorneys' fees and court costs to a party prevailing against the United States, "unless the court finds that the position of the United States substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); *Sims v. Apfel*, 238 F.3d 597, 599-600 (5th Cir. 2001). When the district court remands a social security appeal to the ALJ for further proceedings pursuant to sentence four of § 205(g) of the Social Security Act, as occurred here, a social security claimant qualifies as a prevailing party. *See Rice v. Astrue*, 609 F.3d 831, 833-34 (5th Cir. 2010). Accordingly, it's undisputed that Palmer is a prevailing party for purposes of the EAJA. Nevertheless, the Commissioner argues that fees should be denied because her forfeiture position was substantially justified. *See* Dkt. No. 22. The Court agrees with the Commissioner.

The Commissioner's position is "substantially justified" when it is "justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person" such that the position has a "reasonable basis in law and fact." *Davidson v. Veneman*, 317 F.3d 503, 506 (5th Cir. 2003) (quotations omitted). Although substantial justification is a higher burden than that of sanctions for frivolousness, it is not an "overly stringent" standard. *Id.* The Commissioner's position "will be deemed to be substantially justified if there is a genuine dispute or if reasonable people could differ as to the appropriateness of the contested action." *Id.* (quotations, brackets, and

ellipsis omitted*); see also SEC v. Fox*, 855 F.2d 247, 248 (5th Cir. 1988) ("The EAJA requires only that a government agency act reasonably.").

The Commissioner bears the burden of proving substantial justification. *Davidson v. Veneman*, 317 F.3d 503, 506 (5th Cir. 2003). And to prove substantial justification, the Commissioner must demonstrate, "based on the record (including the record with respect to the decisions of the agency upon which the civil action is based), that it acted reasonably at all stages of the litigation." *Davidson*, 317 F.3d at 506. The fact that the ALJ's decision was reversed and remanded for further proceedings doesn't necessarily mean the Commissioner's position wasn't substantially justified. *See Lennox v. Comm'r of Internal Revenue*, 998 F.2d 244, 248 (5th Cir. 1993). In fact, the Fifth Circuit has instructed district courts to "refrain from treating every reversal of agency action as the functional equivalent of an unreasonable position under the Equal Access to Justice Act." *Spawn v. Western Bank-Westheimer*, 989 F.2d 830, 840 (5th Cir. 1993) (quotations omitted).

**B.      The Commissioner Acted Reasonably for Purposes of the EAJA.**

In *Lucia v. SEC*, the Supreme Court held that ALJs must be appointed consistent with the Constitution's Appointment Clause. A litigant who participated in a proceeding before an improperly appointed ALJ and who has raised a "timely" Appointments Clause challenge to that ALJ, the Supreme Court reasoned, is entitled to a new administrative proceeding before a different, properly appointed ALJ. 138 S. Ct. at 2055. The Commissioner argued in this case (and many others) that a "timely challenge" required Palmer to challenge the constitutionality of the ALJ's appointment at the administrative level to avoid forfeiting the argument in federal court. Absent such exhaustion of the issue at the administrative level, the Commissioner argued, Palmer had forfeited the issue in federal court.

4

Although this Court ultimately disagreed with the Commissioner, whether and to what extent a claimant could forfeit an Appointments Clause challenge in the social security context was an unsettled issue prior to the decision in *Carr*. *See Carr*, 141 S. Ct. at 1362 (2021) (explaining that *Lucia* didn't "opine on what would constitute a 'timely' objection in an administrative review scheme like the SSA's"). The Commissioner therefore raised the forfeiture argument before *Carr* was decided, when the issue was unsettled and a matter of reasonable dispute. Indeed, at the time the Commissioner briefed the issue, the majority of district courts across the country had rejected Appointment Clause challenges to Social Security ALJs where the plaintiff had failed to raise the issue during administrative proceedings. *See* Dkt. No. 13 (Comm'r Br.) at 16 (citing various district court cases in support of the forfeiture position).

It wasn't until after the parties briefed the issue in this case that the Third Circuit—the only federal appellate court to address the issue at that time—reasoned against enforcing a forfeiture in this context. *See Cirko on behalf of Cirko v. Comm'r of Soc. Sec.*, 948 F.3d 148 (3d Cir. 2020). And after the Court reached its decision in this case, two other Circuit Courts reached the opposite conclusion and adopted the Commissioner's forfeiture argument. *See Carr*, 141 S. Ct. at 1357 (discussing the circuit split). This split of authority prompted the Supreme Court to grant a writ of certiorari and eventually settle the issue in *Carr*. Accordingly, contrary to Palmer's arguments, although both *Matthews v. Eldridge*, 424 U.S. 319 (1976) and *Sims v. Apfel*, 530 U.S. 103 (2000) are instructive, neither "dictate[d] the answer" on this precise issue. *Cirko*, 948 F.3d at 155. In fact, while the Supreme Court in *Carr* noted that "[m]uch of what the *Sims* opinions said about Appeals Council review applies equally to ALJ proceedings," the Court agreed with the Commissioner that there are "several differences that may make ALJ hearings relatively more adversarial." *Carr*, 141 S. Ct. at 1359-60.

The "[substantial justification] standard was designed to allow the government to advance in good faith novel but credible interpretations of the law that often underlie vigorous enforcement efforts." *Davidson*, 317 F.3d at 507. Here, forfeiture in the social security context was unsettled before the Supreme Court issued its decision in *Carr*, rendering the Commissioner's legal argument novel during the pendency of this case. In fact, the Commissioner's "string of successes" in the majority of district courts prior to briefing the issue in this case indicates the reasonableness of the Government's position. *Pierce v. Underwood*, 487 U.S. 552, 569 (1988). The fact that this Court and *Carr* ultimately rejected the Commissioner's position does not render the Commissioner's legal position in this case unreasonable. *See Broussard v. Bowen*, 828 F.2d 310, 312 (5th Cir. 1987) ("[T]he government's mere loss of the case gives rise to no presumption that the government's position was not substantially justified."). Accordingly, the Commissioner's legal position had a reasonable basis in law and fact during the pendency of this action. Although the Commissioner didn't fully develop and press the nature and contours of the alleged forfeiture in the briefing, the legal theory was nonetheless advanced in good faith and was potentially viable at the time.

This Court joins the majority of other district courts—along with two in this District—to address the issue and conclude that the Commissioner has demonstrated substantial justification for her legal position. *See, e.g.*, *Sharon McCary-Banister v. Saul*, No. 19-cv-782, 2021 WL 3494606 (W.D. Tex. Aug. 9, 2021) (denying motion for attorney fees under EAJA because the Commissioner's position on the Appointments Clause issue was substantially justified); *Hernandez v. Saul*, No. 5:18-cv-00955-OLG (W.D. Tex. Aug. 16, 2021), Dkt. No. 40 (same); *Diane P.* v. *Kijakazi*, No. 4:17CV143, 2022 WL 135915, at *3 & n. 3 (E.D. Va. Jan. 10, 2022) (same and finding the denial of EAJA fees in this context to be the "majority" view).

## Conclusion

For the reasons discussed above, Palmer's request for fees under the EAJA, Dkt. Nos. 20 & 21, is **DENIED**.

**IT IS SO ORDERED**.

SIGNED this 18th day of February, 2022.

RICHARD B. FARRER
UNITED STATES MAGISTRATE JUDGE